UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 17-8892-PSG (KK) | Date: | December 15, 2017 |
|---|---|---|---|
| Title: | *Teral Sherman v. Dean Borders* | | |

Present: The Honorable **KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE**

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order To Show Cause Why Petition Should Not Be Summarily Dismissed As Second And Successive

# I.
# INTRODUCTION

On December 4, 2017, petitioner Teral Sherman ("Petitioner") constructively filed[1] a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 challenging his 2012 convictions for second-degree burglary and second-degree robbery ("Petition"). The Petition appears subject to dismissal because the Court lacks jurisdiction to consider a second and successive petition, and Petitioner has not obtained authorization from the Ninth Circuit Court of Appeals to proceed. The Court will not make a final determination regarding whether the Petition should be dismissed, however, without giving Petitioner an opportunity to address this issue.

///
///
///
///

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

## II.
## PROCEDURAL HISTORY

On August 7, 2012, following a jury trial in the California Superior Court for the County of Los Angeles, Petitioner was convicted of two counts of second-degree burglary in violation of Section 459 of the California Penal Code, and one count of second-degree robbery in violation of Section 211 of the California Penal Code. See Sherman v. Miller, No. CV 14-4161-PSG (KK), 2015 WL 1097313, at *1 (C.D. Cal. Mar. 4, 2015), certificate of appealability denied (Dec. 4, 2015);[2] see Pet. at 2. On September 10, 2012, the trial court sentenced Petitioner to an aggregate term of fifteen years in state prison. Sherman, 2015 WL 1097313, at *1; see Pet. at 2.

On October 17, 2012, Petitioner filed a direct appeal in the California Court of Appeal. See Cal. Courts, Appellate Courts Case Info., Docket, http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2027820&doc_no=B244564&request_token=NiIwLSInLkg9WyBdSSFdWEhIUFw6USxTJyNeUzxSMCAgCg%3D%3D (last updated Dec. 14, 2017, 8:15 AM). Petitioner's appellate counsel found no legitimate issues to appeal and filed a brief pursuant to People v. Wende, 2 Cal. 3d 436 (1979), asking the court to independently review the record for valid claims. See Sherman, 2015 WL 1097313, at *1; see also Hebbe v. Pliler, 627 F.3d 338, 340 n.1 (9th Cir. 2010).

On September 3, 2013, during the pendency of his appeal, Petitioner filed a habeas petition in the California Court of Appeal, case number B250989, which was rejected on September 10, 2013. See Cal. Courts, Appellate Courts Case Info., Docket, http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2055351&doc_no=B250989&request_token=NiIwLSInLkg9WyBdSSFdWEhIUFw6USxTJiJeIzJRICAgCg%3D%3D (last updated Dec. 14, 2017, 9:15 AM).

On January 15, 2014, the California Court of Appeal denied Petitioner's appeal and affirmed his convictions. People v. Sherman, No. B244564, 2014 WL 161065, at *4 (Cal. Ct. App. Jan. 5, 2014).

On February 11, 2014, Petitioner filed a petition for review of the Court of Appeal's decision in the California Supreme Court. See Cal. Courts, Appellate Courts Case Info., Docket, http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2069146&doc_no=S216536&request_token=NiIwLSInLkg9WyBdSSFdTEtIIDg0UDxTIiM%2BUzlSUCAgCg%3D%3D (last updated Dec. 14, 2017, 8:15 AM). On March 26, 2014, the Court of Appeal denied Petitioner's appeal. Id.

On February 26, 2014, Petitioner filed a habeas petition in the California Supreme Court, which was denied on May 14, 2014. See California Courts, Appellate Courts Case Info., Docket,

---

[2] The Court takes judicial notice of its own records and files as well as Petitioner's prior proceedings in the state courts. Fed. R. Evid. 201(b)(2); In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2070613&doc_no=S216903&request_token=NiIwLSInLkg9WyBdSSFdTEtIIDg0UDxTIiM%2BIzpTQCAgCg%3D%3D (last updated Dec. 14, 2017, 8:15 AM).

On May 30, 2014, Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("2014 Petition") in this Court challenging his 2012 convictions. Sherman, 2015 WL 1097313, at *1. In the 2014 Petition, Petitioner raised five claims: (1) the search of Petitioner's mother's home, and the admission of evidence found during that search, violated his Fourth Amendment rights; (2) the trial court improperly failed to conduct a hearing before denying Petitioner's motion to suppress; (3) Petitioner's appellate counsel was ineffective for failing to argue the trial judge erroneously denied the motion to suppress; (4) Petitioner's pre-trial counsel was ineffective because he caused Petitioner to be denied a suppression hearing; and (5) Petitioner's pre-trial counsel was ineffective for failing to investigate whether Petitioner's "DNA could have [come] from a [cigarette butt]." Id. at *3. On March 4, 2015, the Court denied the 2014 Petition on the merits and dismissed the action with prejudice. Id. at *1.

On March 19, 2015, Petitioner filed a notice of appeal in the Ninth Circuit. Sherman v. Miller, Case No. CV 14-4161-PSG (KK), Dkt. 27. On December 4, 2015, the Ninth Circuit denied Petitioner's request for a certificate of appealability because Petitioner had not made a "substantial showing of a denial of a constitutional right." Id., Dkt. 29; see also Sherman v. Miller, No. 15-55463 (9th Cir. Dec. 4, 2015).

On June 16, 2017, Petitioner filed a habeas petition in the California Court of Appeal. See Cal. Courts, Appellate Courts Case Info., Docket, http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2205438&doc_no=B283176&request_token=NiIwLSInLkg9WyBdSSFdWEhIUFw6USxTKyIuQz1SUCAgCg%3D%3D (last updated Dec. 14, 2017, 8:15 AM). On July 5, 2017, the California Court of Appeal denied the habeas petition. Id.

On July 14, 2017, Petitioner filed a habeas petition with the California Supreme Court. See Cal. Courts, Appellate Courts Case Info., Docket, http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2212621&doc_no=S243135&request_token=NiIwLSInLkg9WyBdSSFdTEtIIDg0UDxTJyIuQzlSICAgCg%3D%3D (last updated Dec. 14, 2017, 8:15 AM). On September 20, 2017, the California Supreme Court denied the habeas petition. Id.

On December 4, 2017, Petitioner constructively filed the instant Petition challenging his 2012 convictions on the ground that the "trial court impos[ing] an illegal sentence of a five year upper term" violates the California Penal Code. Pet. at 5. Petitioner claims the trial court "committed structural error when it used great bodily harm as the reason for the upper term of 5 years that was not charged or proven, and a 1980 robbery violates P.C. 1170(b), 12022.7(f) California Rules of Court Rule 4.420(c) and Petitioner's due process right." Id.

# III.
# DISCUSSION

Habeas petitioners generally may file only one habeas petition challenging their conviction or sentence. See 28 U.S.C. § 2244(b)(1). Hence, if a prior petition raised claims that were adjudicated on the merits, petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the [second or successive petition]." Id. § 2244(b)(3)(A); see Goodrum v. Busby, 824 F.3d 1188, 1194 (9th Cir. 2016) ("As a general principle, . . . a petition will not be deemed second or successive unless, at a minimum, an earlier-filed petition has been finally adjudicated."); McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009). Absent proper authorization from the court of appeals, district courts lack jurisdiction to consider second or successive petitions and must dismiss such petitions without prejudice to refiling if the petitioner obtains the necessary authorization. Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application."); 28 U.S.C. § 2244(b)(2).

Here, the instant Petition challenges the same 2012 convictions that Petitioner challenged in the 2014 Petition. See Dkt. 1, Pet. The Court dismissed Petitioner's 2014 Petition on the merits. See Sherman, 2015 WL 1097313. Consequently, the instant Petition is second and successive to the 2014 Petition. As Petitioner has not presented any documentation indicating the Ninth Circuit has issued "an order authorizing the district court to consider the application," the Court lacks jurisdiction over the claims, and the instant Petition is subject to dismissal. 28 U.S.C. § 2244(b)(3)(A).

# IV.
# ORDER

Thus, the Court ORDERS Petitioner to respond within **twenty-one (21) days** of the date of this Order by electing one of the following options:

1. File a written response explaining the Petition is not a second and successive petition. If Petitioner contends the Petition is not a second and successive petition, Petitioner must explain and attach any supporting documents.

2. File a written response attaching any supporting documents showing Petitioner has obtained the proper authorization from the Ninth Circuit to file a second and successive petition (i.e. "an order authorizing the district court to consider the application").

3. Voluntarily dismiss this action without prejudice. Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court has attached A Notice of Dismissal form.** However,

the Court warns any dismissed claims may be later subject to the statute of limitations, because "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

If Petitioner fails to demonstrate the Petition is not a second or successive petition, or fails to respond within **twenty-one (21) days** of the date of this Order, the Court will dismiss the Petition without prejudice for lack of jurisdiction and/or for failure to prosecute and obey court orders.  See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**